OHIO COUNCIL 8, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, ET AL., APPELLANTS, *v.* SPRINGFIELD BOARD OF PARKS TRUSTEES ET AL., APPELLEES.

(No. 88AP-2—Decided September 20, 1988.)

*Ronald H. Janetzke,* for appellants.

*A. Robert Hutchins,* for appellee Springfield Board of Parks Trustees.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Vincent T. Lombardo,* for appellee State Employment Relations Board.

WHITESIDE, P.J. This is an appeal by Ohio Council 8, American Federation of State, County and Municipal Employees, AFL-CIO ("AFSCME") from a judgment of the Franklin County Court of Common Pleas affirming an order of the State Employment Relations Board ("SERB") finding to be illegal a strike called by AFSCME commencing August 7, 1985. In an opinion concurred in by two members of SERB, the following findings were made:

"This case arises as a result of collective bargaining negotiations between the City of Springfield and the Springfield Board of Parks Trustees (Employer) and the American Federation of State, County and Municipal Employees, Local 1608 and Ohio Council 8, AFL/CIO (Employee Organization). On June 25, 1985, the Board appointed a fact-finder who submitted his report on July 27, 1985, after the parties had agreed to extend the time period for fact-finding in accordance with Ohio Revised Code Section 4117.14(C)(5). On August 1, 1985, the Employee Organization voted to accept the fact-finder's recommendation. On August 3, 1985, the Springfield City Commission voted by a three-fifths majority to reject the fact-finder's recommendation. As required by Ohio Revised Code Section 4117.14(C)(6), the Board publicized the fact-finding report on August 5, 1985.

The Employee Organization, having given a Notice of Intent to Strike dated July 29, 1985, commenced a strike the morning of August 7, 1985. At 9:10 a.m. on August 7, 1985, the Employer filed with the Board a Request For Determination of Unauthorized Strike pursuant to Ohio Revised Code Section 4117.23.

"* * *

"The Employer contends that the strike is not authorized because seven days have not elapsed since the Board's August 5, 1985 publication of the fact-finder's report. In response, the Employee Organization argues that the strike is permissible because the collective bargaining agreement has expired. The Employee Organization also argues in its written response that 'publication' of the fact-finder's report for purposes of Ohio Revised Code Section 4117.14(D) occurred when the fact-finder issued his report, rather than when the Board publicized the report on August 5, 1985.

"* * *

"Ohio Revised Code Sections 4117.14(D) and (D)(2) provide that the right to strike arises only '[i]f the parties are unable to reach agreement within seven days after the publication of findings and recommendations from the fact-finding panel or the collective bargaining agreement, if one exists, has expired.' The reference to expiration of the bargaining agreement must be considered in the context of the step-by-step statutory scheme for resolution of bargaining disputes. A strike prior to completion of these procedures defeats the purpose of the statutory scheme.

"The Employee Organization's contention that 'publication' occurred when the fact-finder issued his report is contrary to the clear statutory language. Ohio Revised Code Section 4117.14(C)(6) provides that, *after* rejection, 'the *Board* shall publicize the findings of fact and recommendations of the fact-finding panel' (emphasis added). Thus, the post-publication waiting period referred to in Ohio Revised Code Section 4117.14(D) relates to seven days after the Board publicizes the report, and does not relate to the fact-finder's issuance of the report."

Although this is a somewhat lengthy quotation from the SERB order, it does set forth both the factual findings and the reasoning of SERB. AFSCME does not contest the actual findings made by SERB. Instead, AFSCME contends that the findings are incomplete and omit a very essential portion of the salient factual considerations and that SERB incorrectly interpreted and applied the law to the facts involved. Additionally, AFSCME contends it was not afforded a proper time within which to present its case.

Omitted from SERB's factual findings is the crucial fact that SERB itself violated the statutory procedures and delayed twenty-six days in appointing the fact-finder, so that without the dilatoriness of SERB, there would have been no timeliness problem in this case. AFSCME contends that the statute sets forth a very tight time-schedule scheme and that as long as SERB follows the statutory scheme, the situation herein involved cannot occur. It is only when SERB fails to follow the statutory mandate, that a problem such as herein exists can occur, according to AFSCME's contention.

We further note that the only brief on this issue has been filed by SERB, who, at best, is questionable as a party to an appeal from its order. We need not determine that issue herein, however, since it has not been raised, but our consideration of this appeal in no way constitutes a determination that SERB is a proper party to an appeal from its decision.

At the outset, it should be noted that there is no question that

AFSCME is the exclusive representative of the bargaining unit involved, or that there was a collective-bargaining contract between AFSCME and the employer, city of Springfield and Springfield Board of Parks Trustees, which expired by its terms June 30, 1985, because the parties elected not to effect an automatic renewal clause. Nor does there appear to be any question that on April 5, 1985, some eighty-seven days prior to expiration of the collective-bargaining agreement, AFSCME sent to the employer a notice to negotiate pursuant to R.C. 4117.14(B)(1)(a), requiring such a notice to be given at least sixty days prior to the expiration of the agreement. It is also undisputed that on May 30, 1985, the parties named a fact-finder and requested his employment by SERB, but that SERB failed to make any appointment until June 25, 1985, despite the requirement of R.C. 4117.14(C) that such a fact-finder be appointed within thirty days of the expiration of the collective-bargaining agreement. SERB in its brief herein has agreed with the statement of facts in AFSCME's brief, which we therefore consider to be correct pursuant to such agreement. SERB additionally points out that AFSCME filed notices of intent to strike with SERB on July 29, 1985, and commenced to strike on August 7, 1985.

Under the statutory scheme, specifically R.C. 4117.14, when a collective-bargaining contract is about to expire, negotiation of a successor agreement is contemplated. R.C. 4117.14(B) specifically requires that the party desiring to negotiate a successor agreement serve written notice upon the other party not less than sixty days prior to the expiration date of the existing agreement, and a copy of the notice be served upon SERB.

R.C. 4117.14(B)(3) provides that the existing collective-bargaining agreement shall remain in force, "without resort to strike or lock-out, for a period of sixty days after the party gives notice or until the expiration date of the collective bargaining agreement, whichever occurs later * * *."

The parties are required to negotiate, but R.C. 4117.14(C)(2) provides that if the parties are unable to reach an agreement fifty days before the expiration date of the collective-bargaining agreement, any party may request SERB to intervene. Upon such a request, SERB must intervene and investigate the dispute with a view to determining whether the parties have engaged in collective bargaining. There is further provision for appointment of a mediator and, if the parties are unable to agree, the appointment of a fact-finding panel, of not more than three members, who must be appointed by SERB, within one day after receiving advice from the mediator that the parties have not reached an agreement within thirty-one days prior to the expiration of the agreement.

The fact-finding panel is required to make a final determination and transmit its findings of fact and recommendations both to the public employer and the employee organization involved no later than fourteen days after the appointment of the fact-finding panel, unless the parties mutually agree to an extension. See R.C. 4117.14(C)(5). Such recommendation shall be deemed agreed upon as the final resolution of the issues submitted to the fact-finding panel unless one of the parties rejects the recommendations of the fact-finding panel. If either party rejects the recommendations of the fact-finding panel, SERB is required to "publicize the findings of fact and recommendations of the fact-finding panel." R.C. 4117.14(C)(6).

The crucial provision before us is R.C. 4117.14(D), which provides in pertinent part that:

"(D) If the parties are unable to reach agreement within seven days after the publication of findings and recommendations from the fact-finding panel or the collective bargaining agreement, if one exists, has expired, then the:

"* * *

"(2) Public employees other than those listed in division (D)(1) of this section have the right to strike under Chapter 4117. of the Revised Code provided that the employee organization representing the employees has given a ten-day prior written notice of an intent to strike to the public employer and to the board; however, the board, at its discretion, may attempt mediation at any time."

The strike in question was scheduled to begin more than seven days after the "publication" of the findings of fact and recommendations of the fact-finding panel by sending notification to the parties pursuant to R.C. 4117.14(C)(5), but less than seven days after the findings and recommendations were "publicized" by SERB pursuant to R.C. 4117.14(C)(6). Unfortunately, R.C. 4117.14(D) refers to "publication" which is not otherwise specifically referred to in the statute.

Within the broad meaning of the word "publication," there are two publications, one to the parties, with a view toward their action, and the second by SERB, for unspecified reasons and by unspecified means. We do not, however, find erroneous the board's conclusion that the publication reference is to SERB's publicizing of the findings and recommendations rather than to the sending or publishing of the recommendations to the parties. Under the statutory scheme, the parties have seven days within which to determine whether to accept the recommendations, and if the parties fail to take action, the recommendations are deemed adopted by the parties. Necessarily, therefore, the "publication" must occur after rejection by one of the parties or it would have no significance in connection with calling a strike.

As will be noted from the statutory scheme, it is contemplated that the fact-finding process, including the publicizing of the findings and recommendations following rejection by one of the parties, will all occur prior to the expiration of the collective-bargaining agreement. As noted above, R.C. 4117.14(B)(1)(a) requires the notice to be served "not less than sixty days prior to the expiration date of the existing agreement" and R.C. 4117.14 (B)(3) provides the existing collective-bargaining agreement shall remain in effect "for a period of sixty days after the party gives notice or until the expiration date of the collective bargaining agreement, whichever occurs later." In other words, the earliest strike date is established by R.C. 4117.14, and in this case was apparently July 1, 1985, even though the strike was not called to commence until August 7, 1985.

Quite appropriately, SERB recognized that the effect of R.C. 4117.14 is that no strike can be held until completion of the statutory procedure once that procedure is initiated. The only other prerequisite for a strike is the giving of a ten-day prior written notice of intent to strike, both to the public employer and to the board as required by R.C. 4117.14(D)(2). That such notice of intent to strike may be given prior to the publication of findings and recommendations of the fact-finding panel is evidenced from the first sentence of R.C. 4117.14(D) delaying the commencement of a strike until seven days after publication of such findings and recommendations. That such notification may be given in advance of the event which permits the strike to occur is also indicated by the fact that the

strike may be held if the collective-bargaining agreement has expired.

Essentially, both SERB and the common pleas court, for purposes of this case, eliminated from the statutory provision of R.C. 4117.14(D) the words "or the collective bargaining agreement, if one exists, has expired." It must be noted that here the disjunctive "or" is used, and that although sometimes the disjunctive may be read as also including the conjunctive, there is no reason to assume that the legislature did not intentionally use the disjunctive word "or" rather than the conjunctive "and." Therefore, the plain meaning of the provision is that the legislature intended that either circumstance permits a strike to be called.

Overlooked by SERB was the provision of R.C. 4117.14(B)(1)(a) recognizing that some collective-bargaining agreements do not contain an expiration date. Therefore, special provisions must be made with respect to those collective-bargaining agreements not containing an expiration date. This recognition of collective-bargaining agreements not containing an express expiration date continued in the provision of R.C. 4117.14(D) providing for two different contingencies under which a strike may be called. If the contract does not contain an expiration date, there must be a seven-day period between the time of publication of the findings and recommendations of the fact-finding panel before a strike may commence. This seven-day period establishes the time for the existing agreement to "terminate" so that the employees' representative and the employees may take action to insist upon a new agreement. On the other hand, there is no need for such a waiting period if the agreement has an expiration date, since upon the expiration of that agreement, and the completion of the statutory procedure by one of the parties' rejecting the findings and recommendations of the fact-finding panel, there is no impediment to a strike, other than the giving of the requisite ten-day notice. All parties are on notice by the expiration of the agreement that the labor relationship is no longer controlled by that contract.

Although courts tend to give deference to long-standing reasonable administrative interpretation of ambiguous statutory provisions, here, the interpretation made by SERB eliminates an essential part of the statutory language and is not long-standing. The interpretation we have set forth herein gives meaning to all of the words of the first portion of R.C. 4117.14(D). Clearly, there is a chronology to the provisions of R.C. 4117.14, and the provisions of R.C. 4117.14(D) come into play only after completion of the steps outlined in R.C. 4117.14(C), including the rejection of the fact-finding panel's recommendations by either the public employer or the public-employee organization followed by SERB's publicizing the findings of fact and recommendations of the fact-finding panel. Upon the happening of this event, a strike may be held provided either seven days have elapsed from the publication of the findings and recommendations (if the existing collective-bargaining agreement contains no expiration date) or (if it does) the collective-bargaining agreement has expired. As noted above, R.C. 4117.14(D) must be read *in pari materia* with R.C. 4117.14(B)(3), which gives rise to the interpretation that we have adopted herein of the statutory provisions.

Turning specifically to the parts of the assignment of error, we find that part one is well-taken since the common pleas court did partially erroneously interpret R.C. 4117.14(B) and (D)(2). Likewise, the second part of the assignment of error is well-

taken since the trial court did err in affirming the SERB decision under the circumstances. However, part three of the assignment of error is not well-taken since R.C. 4117.14 does not contemplate a strike while the statutory dispute settlement procedures are being conducted.

We might note herein that the trial court did not err in finding AFSCME to be precluded from relying upon SERB's dilatoriness in appointing the fact-finding panel, since AFSCME consented to the fact-finding panel's delaying its determination until the time it was actually made, even though by that time the collective-bargaining agreement had expired by its terms.

Likewise, the fourth part of the assignment of error is not well-taken, since AFSCME has demonstrated no prejudice to it because of the restrictions made by SERB with respect to the time allowed for the presentation of evidence, and AFSCME has not demonstrated there to be any evidence which it was precluded from presenting because of the very restricted time limitation.

As to the refusal to allow evidence showing other violations by SERB of the mandatory statutory time provisions for actions by SERB, we likewise find no prejudice, since AFSCME has not demonstrated how it was prejudiced in this case by the alleged violations in other cases. As we noted above, the time restraint by its very nature is mandatory because time is obviously of the essence, so that the statutory dispute-resolution procedure may be completed before the expiration of the collective-bargaining agreement, or the expiration of sixty days after initiation of the procedure, whichever may be applicable with respect to the calling of a strike. Nevertheless, although the time limitations are mandatory in the sense that there is a duty upon SERB to act promptly as well as properly, they are not jurisdictional in the sense that SERB does not lose the power to act by failing to follow the statutory time mandate.

Accordingly, for the foregoing reasons, parts one and two of the assignment of error are sustained, parts three and four of the assignment of error are overruled, the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court with instructions to enter an order reversing the decision of the State Employment Relations Board and remanding this cause to that board for further proceedings.

*Judgment reversed*
*and cause remanded.*

STRAUSBAUGH and MCCORMAC, JJ., concur.